**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Rafael Morones, Individually and as** ) | CASE NO.: |
| **Personal Representative of the ESTATE** ) | |
| **OF MICHELLE MORONES, deceased** ) | |
| 18908 Silver Creek Ave. E. ) | |
| Puyallup, Washington 98375 ) | JUDGE: |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | **Jury Demand Endorsed Hereon** |
| **MADISON ALLEY TRANSPORT &** ) | |
| **LOGISTICS, INC.** ) | |
| c/o Statutory Agent ) | |
| Jeffrey J. Owen ) | |
| 41615 N. Signal Hill Ct. ) | |
| Phoenix, Arizona 85086 ) | |
| ) | |
| ) | |
| and ) | |
| ) | |
| **ADEMAYOWA SAINT ADEOGBA** ) | |
| P.O. Box 1080 ) | |
| Laveen, Arizona 85339 ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Rafael Morones, Individually and as Personal Representative of the Estate of

Michelle Marones, by and through undersigned counsel, hereby alleges and complains against

Defendants Madison Alley Transport & Logistics, Inc. ("Defendant Madison Alley") and

Ademayowa Saint Adeogba ("Defendant Adeogba") as follows:

**INTRODUCTION**

1.      This case arises from a commercial truck collision that occurred on September 3,

2018 in Trumbull County, Ohio when Defendants' tractor-trailor negligently and/or recklessly

drove off the road into a ditch causing the death of the decedent, Michelle Marones.  Plaintiff

Rafael Morones, Individually and as Personal Representative of the Estate of Michelle Marones brings this survivorship and wrongful death action under Ohio's Wrongful Death Statute, R.C. § 2125.01, *et seq.*, and common law.

## **PARTIES**

2.      Michelle Marones ("Michelle"), deceased, was a resident of the State of Washington.  Rafael Marones ("Rafael") is Michelle's husband and the personal representative of the Estate of Michelle Marones, deceased ("the Estate" or "Plaintiff").

3.      Defendant Adeogba is an individual who resides in the State of Arizona and who was driving the tractor-trailer (the "truck") involved in the subject crash.  Defendant Adeogba conducted business in the State of Ohio by operating a commercial motor vehicle in the course and scope of his employment and/or agency with Defendant Madison Alley.

4.      Defendant Madison Alley is registered with the Federal Motor Carrier Safety Administration with USDOT Number 2726210, and is a business entity organized and existing under the laws of New York, with its principal place of business located at 2400 W Union Hills Drive, Suite 100, Phoenix, Arizona.  At all times relevant herein, Madison Alley was Defendant Adeogba's employer and/or principal at the time of the accident and owned the truck that he was operating during the accident. Defendant Madison Alley was responsible for Defendant Adeogba's hiring, training, supervision, and retention as an employee and/or agent and/or contractor.

## **JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2

6.      This Court has personal jurisdiction over Defendants because this suit arises out of and is related to Defendants' contacts with this District.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

8.      On September 3, 2018, Defendant Adeogba was driving the truck eastbound on Interstate 80 in Trumbull County, Ohio.

9.      Defendant Adeogba was transporting Michelle, an unauthorized passenger, in the truck.

10.      The truck's tractor was a silver 2014 Freightliner Cascadia, VIN: 3AKJGLD54ESFN2159, Arizona License No.: AG94083.

11.      The truck's trailer was a 2005 Kentucky Trailer, Arizona License No. 60592E, VIN: 1KKVA53266L220804.

12.      At approximately 6:23 p.m., Defendant Adeogba inexplicably drove the truck off the freeway where he struck a ditch and a number of trees.  The truck ultimately came to rest, jack-knifed in the ditch.

13.      The freeway surface was asphalt, and the yellow median line, the white lane divider line, and the white right edge line on the roadway were all visible.

14.      Michelle was in the truck's sleeper cab just prior to the crash and ended up in Defendant Adeogba's lap, unresponsive, after the crash.

15.      Michelle was pronounced dead by responding officers at 6:30 p.m.

16.     Her body was transported to the Trumbull County Coroner's office for an autopsy, where it was determined that the cause of her death was sudden multiple blunt force injuries.

17.     Responding officers discovered open containers of alcohol, including bottles/cans of wine, beer, and hard liquor, in the truck's passenger compartment and outside of the truck.

18.     Defendant Adeogba was under the influence of marijuana at the time of the accident.  He submitted to a urine test that showed marijuana metabolite results greater than 200 ng/mL.

19.     After the crash, Defendant Adeogba was charged with operating a commercial vehicle while under the influence, failure to control, open container, possession of marijuana, and aggravated vehicle homicide.

20.     The police report listed "unsafe speed" as a contributing circumstance to the crash.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE: WRONGFUL DEATH, R.C. § 2125.01, *et seq.*
### (Defendant Adeogba)

21.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

22.     Defendant Adeogba owed Michelle a duty to operate the truck with reasonable care and to not operate the truck while under the influence of drugs and/or alcohol.

23.     By driving the truck while under the influence of drugs and/or alcohol, driving too fast, not maintaining control, not keeping an adequate lookout, and inexplicably crashing the truck into a ditch, Defendant Adeogba breached the duties he owed to Michelle and was therefore negligent and/or reckless.

24.     Defendant Adeogba's negligence and/or recklessness was the direct and proximate cause of Michelle's injuries, pre-impact terror, and death.

25.     As a further direct and proximate result of Defendant Adeogba's negligence and/or recklessness, Plaintiff and Michelle's next of kin have experienced loss of support from Michelle's reasonably expected earning capacity, loss of services, loss of prospective inheritance, loss of society, including loss of companionship, consortium, care, assistance, protection, advice, guidance, counsel, instruction, training, and education, along with mental pain, anguish, and emotional trauma/mental anguish.

## COUNT II – NEGLIGENCE: NEGLIGENT HIRING, RETENTION, & SUPERVISION
### (Defendant Madison Alley)

26.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

27.     Madison Alley owed a duty to all users of public roadways, including Michelle, to act reasonably in hiring, instructing, training, supervising, and retaining its truck drivers and other employees and agents, including Defendant Adeogba, to follow applicable laws and safety regulations and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe and followed all applicable laws.

28.     Maddison Alley further had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

29.     Madison Alley breached the aforementioned duties by improperly hiring and retaining Defendant Adeogba as an employee and agent and/or failing to properly train and supervise Defendant Adeogba on how to safely operate the truck.

30.     Defendant Madison Alley's negligence and/or recklessness was the direct and proximate cause of Michelle's injuries and death.

31.     As a direct and proximate result of Defendant Madison Alley's negligence and/or recklessness, Plaintiff and Michelle's next of kin experienced loss of support from Michelle's reasonably expected earning capacity, loss of services, loss of prospective inheritance, loss of society, including loss of companionship, consortium, care, assistance, protection, advice, guidance, counsel, instruction, training, and education, along with mental pain, anguish, and emotional trauma/mental anguish.

## COUNT III – RESPONDEAT SUPERIOR
### (Defendant Madison Alley)

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.     At all relevant times, Defendant Adeogba was employed by Defendant Madison Alley.

34.     At all relevant times, Defendant Adeogba was acting within the course and scope of his employment and or independent agency agreement and/or independent contractor agreement with Defendant Madison Alley.

35.     As a result, Defendant Madison Alley is vicariously liable to Plaintiffs for Defendant Adeogba's negligence and/or recklessness, the wrongful death of Michelle, and resulting damages including, but not limited to, those set forth herein.

## COUNT IV – NEGLIGENCE PER SE
### (All Defendants)

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Defendant Adeogba violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 392.4, 392.5(a)(3), and 392.60 because: (1) a urine test from Defendant Adeogba showed marijuana metabolite results of greater than 200 ng/mL; (2) he

admitted that the marijuana found in the truck was his; and (3) there were open containers of beer, wine, and liquor in the truck.

38.     Defendant Adeogba was charged with operating a commercial vehicle while under the influence, failure to control, open container, possession of marijuana, and aggravated vehicular homicide.

39.     Defendant Madison Alley violated 49 C.F.R. § 392.4 by allowing Defendant Adeogba to violate the same regulation.

40.     Defendants are negligent *per se* based on these violations.

41.     Defendants' violations directly and proximately caused Michelle's death and the damages set forth herein.

## COUNT V – SURVIVORSHIP
### (All Defendants)

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     As a direct and proximate result of the Defendants' negligence and/or recklessness detailed above, Michelle experienced terror and conscious anguish, suffering, and pain from the moment Defendant Adeogba lost control of the truck until her death.

44.     As a direct and proximate result of Defendants' negligence and/or recklessness detailed above, Plaintiffs have incurred medical and funeral expenses.

## COUNT VII – PUNITIVE DAMAGES
### (All Defendants)

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     Defendant Adeogba's decision to drive while under the influence with open containers of beer, wine, and hard liquor in the truck demonstrates a conscious disregard for the rights and safety of Michelle and the rest of the motoring public.  Defendant Adeogba's actions

were taken with reckless indifference to the consequences to others despite knowing that there was a great probability of causing substantial harm and his conduct did, in fact, cause substantial harm to Michelle.

47.     Defendant Madison Alley's actions in hiring, retaining, training, and/or supervising Defendant Adeogba demonstrated a conscious disregard for the rights and safety of the motoring public including Michelle, and were done with reckless indifference to the consequences to others despite knowing that there was a great probability of causing substantial harm and its conduct did, in fact, cause substantial harm to Michelle.

48.     Accordingly, Plaintiff demands punitive damages against Defendant Adeogba and Defendant Madison Alley.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     Compensatory damages including loss of support from the reasonably expected earning capacity of Michelle; loss of services; loss of the society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance; mental anguish; and funeral and/or medical expenses;

B.     Compensatory damages for the terror, conscious anguish, suffering, and pain endured by Michelle from the moment Defendant Adeogba lost control of the truck until her death;

C.     Punitive damages;

D.     Statutory prejudgment interest;

E.     Reasonable attorneys' fees and costs, to the fullest extent allowed by law; and

8

F.      All such additional and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs request a jury trial for all issues in this case.


Respectfully submitted,

*/s/ Kenneth P. Abbarno*
Kenneth P. Abbarno (0059791)
Justin J. Hawal (0092294)
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone: 440-953-8888
Fax: 440-953-9138
kabbarno@dicellolevitt.com
jhawal@dicellolevitt.com

D. Zachary Wiseman (*pro hac vice pending*)
Blake M. Biddulph (*pro hac vice pending*)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Fax: (801) 532-7543
dwiseman@rqn.com
bbiddulph@rqn.com

*Attorneys for Plaintiffs*